IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURENCE R. GOODEN, | ) | CASE NO. 8:07CV319 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff, Laurence Gooden's, response to the court's August 22, 2007, memorandum and order granting him leave to proceed in forma pauperis ("IFP"). (Filing No. 7). The plaintiff is a pretrial detainee currently in the custody of the Douglas County Corrections Center. The court's August 22, 2007, order informed the plaintiff that pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff is required to pay the full amount of the court's $350 filing fee. (Filing No. 6). Furthermore, the court informed plaintiff that pursuant to the PLRA he shall first pay an initial partial filing fee of $3.00 by September 21, 2007, and that after payment of the initial partial filing fee, the plaintiff's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2).

In his response to the court's August 22, 2007, order, the plaintiff argues that he should not be subject to the payment provisions of the PLRA because he is a pretrial detainee and not a convicted prisoner. He further states that he has insufficient funds in his prison trust account to pay the initial partial filing fee assessed by the court.

Under the PLRA, the term "prisoner" is defined to include not only convicted criminals who are serving a sentence, but also "any person . . . detained in any facility

who is accused of . . . violations of criminal law . . . " 42 U.S.C. § 1997e(h). The courts have consistently applied the provisions of the PLRA to claims involving pretrial detainees. McKimmey v. Stobbe, No. 4:06cv3138, 2007 WL 1657389 *3 (D. Neb. June 6, 2007)(stating that the courts have consistently applied the PLRA's exhaustion requirement to claims involving pretrial detainees).

With respect to plaintiff's contention that he does not have funds to pay the initial partial filing fee, 28 U.S.C. § 1915(b)(4) states "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the court suspends the requirement of paying an initial partial filing fee. See Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). Here, a review of the plaintiff's trust account statement confirms that as of July 30, 2007 the plaintiff had $.09 in his prison trust account.

IT IS THEREFORE ORDERED THAT:

1.	The plaintiff has shown good cause for modification of his prisoner payment order;

2.	The plaintiff shall not be required to pay an initial partial filing fee. The filing fee for this case shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the Court, 20 percent of the preceding month's income in such months as the account exceeds $10.00. Id.;

3.	The Clerk of the Court shall serve a copy of this order on the appropriate financial officer for the plaintiff's institution;

4. The plaintiff shall continue to keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice; and

5. The Clerk of the court is directed to set a pro se case management deadline using the following language: October 17 2007--complete initial review.

DATED this 25th day of September, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge