IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURENCE R. GOODEN, | ) | 8:07CV319 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

   This matter is before the court on its own motion. On December 17, 2007, the court entered a Memorandum and Order allowing Plaintiff to amend his Complaint in order to state a claim upon which relief could be granted against either Douglas County Department of Corrections or an individual. (Filing No. 11.) Plaintiff filed an Amended Complaint on January 9, 2008, which named Jeffrey L. Newton as the sole defendant. (Filing No. 12.) After reviewing the Amended Complaint, the court finds that Plaintiff has complied with its December 17, 2007 Memorandum and Order and that service on Defendant is now warranted.

   However, Plaintiff has failed to specify whether he intends to sue Defendant Newton in his individual capacity, official capacity, or both. Therefore, the court interprets the Amended Complaint as including only official capacity claims. "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

IT IS THEREFORE ORDERED that:

1. To obtain service of process on Defendant, Plaintiff must complete and return the summons form which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form (for service on Defendant in his official capacity only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

3. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

5. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "August 28, 2008: Check for completion of service of summons."

6. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

7. The Clerk of the court is directed to add Jeffrey L. Newton as a defendant in this matter and to terminate Douglas County Department of Corrections as a defendant.

April 30, 2008.                BY THE COURT:


                               s/ Joseph F. Bataillon
                               Chief United States District Judge